FORM B104 (08/07)                                                                                  2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>JEFF WITT and MARGIE WITT | **DEFENDANTS**<br>HSBC MORTGAGE SERVICES INC. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WINTERBOTHAM PARHAM TEEPLE, A.P.C.<br>MICHELLE A. MARCHISOTTO, Bar 181906  Ph. (562) 868-3634<br>12440 East Imperial Highway, Suite 140, Norwalk, CA 90650 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR DECLARATORY RELIEF AND TO REMOVE LIEN AFFECTING REAL PROPERTY

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false
    representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
    larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state
    court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| JEFF WITT and MARGIE WITT | LA 08-30809-EC |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | LOS ANGELES | ELLEN CARROLL |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
|  |  |  |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
|  |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 1-22-09 | MICHELLE A. MARCHISOTTO |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| WINTERBOTHAM PARHAM TEEPLE, A P.C.<br>MICHELLE A. MARCHISOTTO, SBN 181906<br>12440 East Imperial Highway, Suite 140<br>Norwalk, CA  90650<br>Phone: (562) 868-3634<br>Fax: (562) 868-5599<br><br><br>*Attorney for Plaintiff* JEFF WITT and MARGIE WITT | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: JEFF WITT and MARGIE WITT | CHAPTER  13 |
|---|---|
| | CASE NUMBER LA 08-30809-EC |
| Debtor. | ADVERSARY NUMBER |
| JEFF WITT and MARGIE WITT | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| Plaintiff(s), | |
| vs. | **SUMMONS AND NOTICE OF
STATUS CONFERENCE** |
| HSBC MORTGAGE SERVICES INC | |
| Defendant(s). | |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒  **255 East Temple Street, Los Angeles** | | ☐  **411 West Fourth Street, Santa Ana** | |
| ☐  **21041 Burbank Boulevard, Woodland Hills** | | ☐  **1415 State Street, Santa Barbara** | |
| ☐  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO
Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*                    **F 7004-1**

| In re JEFF WITT and MARGIE WITT | CHAPTER 13 |
|---|---|
| Debtor. | CASE NUMBER LA 08-30809-EC |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF Los Angeles

1.  I am employed in the County of Los Angeles _____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:
    12440 E. Imperial Highway, Suite 140, Norwalk, CA 90650

2.  ☒ **Regular Mail Service:** On February 2, 2009 _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Norwalk _____, California, addressed as set forth below.

3.  ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:

☒ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 2, 2009

Simon Perng
_____
**Type Name**

_____
*Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                      **F 7004-1**

## VIA REGULAR MAIL:

Jeff J. Witt
Margie M. Witt
1128 W. Kirkwall Road
San Dimas CA 91773

US Trustee Office
Ernst & Young Plaza
725 S Figueroa Street 26th Floor
Los Angeles CA 90017

Kathy A. Dockery
Chapter 13 Trustee
700 South Flower Street, Suite 1950
Los Angeles CA 90017

Litton Loan Servicing LP
c/o Agent for Service of Process
CSC Lawyers Incorporating Service
2730 Gateway Oaks Drive, Ste 100
Sacramento CA 95833

Litton Loan Servicing LP
4828 Loop Central Drive, Suite 600
Houston TX 77081

## VIA CERTIFIED MAIL:

HSBC Mortgage Services
P.O. Box 21188
Eagan MN 55121-4201

HSBC Mortgage Services
636 Grand Regency Blvd.
Brandon FL 33510

HSBC Mortgage Services
26525 N. Riverwoods Blvd.
Mettawa IL 60045

HSBC Mortgage Services
c/o Agent for Service of Process
C T Corporation System
818 West Seventh Street
Los Angeles CA 90017

FDIC
c/o Thomas J. Curry, Director
550 17th Street N.W.
Room MB-6098
Washington DC 20429

WINTERBOTHAM PARHAM TEEPLE, A P.C.
MICHELLE A. MARCHISOTTO, Bar 181906
12440 East Imperial Highway, Suite 140
Norwalk, CA  90650
Phone: (562) 868-3634
Fax: (562) 868-5599

Attorney for Debtors
JEFF WITT and MARGIE WITT

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No.  LA 08-30809-EC |
| JEFF WITT and MARGIE WITT | ) Chapter 13 |
| Debtors. | ) COMPLAINT FOR DECLARATORY RELIEF, AND TO EXTINGUISH THE LIEN OF HSBC MORTGAGE SERVICES INC. PURSUANT TO 11 U.S.C. §506(a), DECLARATION OF JEFF WITT and MARGIE WITT AND DECLARATION OF OMAR GUTIERREZ |
| JEFF WITT and MARGIE WITT | ) |
| Plaintiff(s) | ) |
| vs. | ) |
| HSBC MORTGAGE SERVICES INC. | ) |
| Defendant(s). | ) |

## INTRODUCTION

    This is an action brought by the Plaintiffs, JEFF WITT and MARGIE WITT ("Debtors"), for Declaratory Relief and to Extinguish Lien of Defendant pursuant to 11 U.S.C. § 506(a) and FRBP Rule 7001.

///

///

-1-

## JURISDICTION

This adversary proceeding arises out of and is related to the above-captioned Chapter 13 case of Debtors JEFF WITT and MARGIE WITT, USBC Case Number LA 08-30809-EC, now pending in the United States Bankruptcy Court. This complaint involves the determination of the secured status of a claim pursuant to 11 U.S.C. §506, and as such, constitutes a "core" proceeding pursuant to 28 U.S.C.§157(b)(2).

LITTON LOAN SERVICING LP is a limited partnership with an agent for service of process located at CSC Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Ste 100, Sacramento CA 95833 and the lien holder of the secured First Deed of Trust.

Defendant HSBC MORTGAGE SERVICES INC. is a corporation with an agent for service of process located at C T Corporation System, 818 West Seventh Street, Los Angeles CA 90017 and the lien holder of the secured Second Deed of Trust.

Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334, and General Order No. 266 of the United Status District Court for the Central District of California. As defined by 11 U.S.C. Section 101(5), Defendant herein has a claim against Debtors. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. §1409(a).

## STATEMENT OF FACTS

JEFF WITT and MARGIE WITT ("Debtors") filed for relief under Chapter 13 of the United States Bankruptcy Code on December 2, 2008. Debtors' Schedule A lists Debtors' principal place of residence located at 1128 West Kirkwall Road, San Dimas, CA 91773 (see attached as **Exhibit "A"**, Schedule A - Real Property). Debtors acquired the Real Property on April of 1999.

As of the date of the filing of the case, the following liens have encumbered the Real Property:

1. First Deed of Trust held by LITTON LOAN SERVICING LP (LITTON 1ˢᵗ TD) in the amount of $408,753.00.

///

2. Second Deed of Trust held by HSBC MORTGAGE SERVICES INC. (HSBC 2nd TD) in the amount of $110,608.22 (as per recently filed Proof of Claim).

(See attached a true and correct copy of Debtors' Schedule D – Creditors Holding Secured Claims as **Exhibit "B,"** copies of the most recent mortgage statements in the Debtors' possession as **Exhibit "C",** and Declaration of Debtors as **Exhibit "D"** and a copy of the First Trust Deed held by LITTON LOAN SERVICING LP, and Proof of Claim filed by HSBC MORTGAGE SERVICES INC. as **Exhibit "E"**).

The Debtors assert that the Appraisal Report conducted by OMAR GUTIERREZ, real estate appraiser, on December 2, 2008, establishes the fair market value of the Real Property at $370,000.00 (see a true and correct copy of the appraisal report and Declaration of OMAR GUTIERREZ attached hereto as **Exhibit "F"**). The fair market value of the Real Property is less than the total payoff balance owed to LITTON as First Trust Deed holder.


## LEGAL DISCUSSION


The issue before this Court is whether a Chapter 13 debtor may void a junior lien on a homestead if senior liens exceed the fair market value of the property. Pursuant to current case law and 11 U.S.C. §506(a), a lien may be avoided in Chapter 13 cases, and the rights of a lien holder modified under 11 U.S.C. §1322(b)(2) if the second or junior deed of trust on the Debtors' Real Property is determined to be wholly unsecured, and the junior lien may thus be extinguished and treated as an unsecured claim for purposes of payment in accord with the terms of the Confirmed Chapter 13 Plan.


A. DEBTORS SEEK A DETERMINATION OF THE EXTENT OF THE SECURED CLAIMS PURSUANT TO 11 U.S.C. §506(A) OF THE BANKRUPTCY CODE.


Debtors seek a determination that, given the value of the Real Property, the First Deed of Trust is secured and that the Second Deed of Trust is wholly unsecured. FRBP Rule 3012 implements Section

1   506(a) of the Bankruptcy Code with respect to valuation of a secured claim in order to determine the

2   extent to which it is secured or unsecured. 11 U.S.C. §506(a)(1) states, in relevant part:

3

4   > An allowed claim of a creditor secured by a lien on property in which the estate has an interest,...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

5

6

7

8       In short, Section 506(a) separates a secured creditor's claim into two parts: a secured claim to the

9   extent of the value of the collateral; and, an unsecured claim for the balance of the claim.

10      When Section 506(a)(1) is applied to claims such as mortgages, a mortgage would not be a

11  "secured claim" to the extent that the claim exceeds the value of the property on which it has a security.

12  In Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220, 1223 (9th Cir. 2002), the court stated

13  that the term "secured claim" is a term of art, and a claim secured by a lien on the property is not

14  necessarily a "secured claim," and it may be modified and avoided to the extent the claim exceeds the

15  value of the property, after deduction of the senior liens or encumbrances.

16      Additionally, 11 U.S.C. §506(d) states, "to the extent that a lien secures a claim against the

17  debtor that is not an allowed secured claim, such lien is void."

18      Section 506 is a section of general applicability, and a Chapter 13 case allows bifurcation of a

19  claim into secured and unsecured portions. Wilson v. Commonwealth Mortgage Corp., 895 F.2d 123,

20  22 C.B.C. 561 (3rd Cir. 1990).

21      Here, LITTON 1ST TD is for $408,753.00, and HSBC 2nd TD is for $110,608.22, but the value of

22  the Real Property is only $370,000.00. Hence, because the value of the real property is less than the

23  amount due to the 1st or Senior mortgage holder, this leaves no remaining value to serve as security for

24  HSBC 2nd TD. Accordingly, HSBC's 2nd TD claim is wholly unsecured.

25      Therefore, Debtors request that this Court determine that the Second Deed of Trust held by

26  HSBC MORTGAGE SERVICES INC. is wholly unsecured.

27  ///

28  ///

-4-

B. **AS A WHOLLY UNSECURED LIENHOLDER, HSBC 2ND TD'S RIGHTS MAY BE MODIFIED UNDER 11 U.S.C. §1322(b)(2) AND IT TREATED AS AN UNSECURED CREDITOR.**

This Court may modify HSBC 2nd TD purported secured claim if this claim is deemed an unsecured claim under 11 U.S.C. §1322(b)(2).

11 U.S.C. §1322(b)(2) states, in relevant part:

> The [Chapter 13] plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

This antimodification clause bars a debtor from modifying the rights of a creditor who has a claim secured only by the debtor's principal residence.

In Nobleman v. American Savings Bank, 508 U.S. 324 (1993) the United States Supreme Court held that if a mortgage was partially secured by value a Chapter 13 debtor could not divide the mortgage, pursuant to 11 U.S.C. §506(a), into secured and unsecured parts, and treat only the secured part as subject to the antimodification clause. In Nobleman, the debtor's principal residence had a value of $23,500.00, and the first trust deed holder had a claim for $71,335.00, thus the bank's claim was at least partially secured by the debtor's home. Accordingly, under Nobleman if any portion of the claim is secured then the full balance of the mortgage is governed by the antimodification clause and a lien cannot be stripped. However, by application of Nobleman, if a lien is wholly unsecured, it can be stripped.

Many courts, even prior to the passage of the Reform Act of 1994, held that Nobleman was inapplicable when senior liens were in excess of the fair market value of the property. The passage of the Bankruptcy Reform Act of 1994 did not change the ability to strip the lien of a wholly unsecured creditor, it merely provided that a loan which fully matured prior to the filing of a Chapter 13 petition, or a loan which matures during the life of the plan, may be paid through the plan [11 U.S.C. §1322(b)(2)].

Courts have consistently distinguished between a partially secured claim, as in Nobleman, and facts involving a wholly unsecured lien holder. Most reported decisions have rejected the proposition that Nobleman prohibits modification of a totally unsecured lien on a Chapter 13 debtor's principal

residence. These Courts, along with the 9th Circuit Bankruptcy Appellate Panel, interpret <u>Nobleman</u> to

require the existence of at least an allowable partially secured claim as the predicate for protection from

the antimodification clause in 11 U.S.C. §1322(b)(2).

In the 9th Circuit Bankruptcy Appellate Panel Case, <u>In re Lam</u>, the Court held that:

> The <u>Nobleman</u> decision holding that section 1322(b) bars a chapter 13 plan from
> modifying the rights of holder of claims, secured only by the debtor's principal
> residence, does not apply to holder of totally unsecured claims. The extension of
> the protections of section 1322(b) to wholly unsecured lien holders is contrary to
> the provision of the bankruptcy code allowing dischargeability of unsecured
> claims.

In <u>In re Lam</u>, 121 B.R. 36, 41 (9th Cir. B.A.P. 1997), the <u>Lam</u> court concurred with the holding

of several cases that permitted modification of secured creditor's claims that were wholly unsecured. <u>Id</u>.

at 41.

Similarly, the court in <u>In re Geyer</u>, 203 B.R. 726 (S.D. Cal. 1996), held that a Chapter 13 debtor

may strip off a lien on his or her primary residence when the lien holder's interest is totally unsecured.

The court stated:

> [T]he term 'secured claim' as used in section 1322(b)(2) has the same meaning as the
> term "secured claim" in section 506(a). Unless there is some equity to which the
> creditor's lien attaches, there is no allowed secured claim and no entitlement to the
> protection against modification contained in section 1322(b)(2). A chapter 13 debtor
> may 'strip-off' a lien on his or her primary residence under the plan or under 506(d)
> when the lien holder's interest is totally unsecured. Id. at 729.

Furthermore, the court in <u>In re Plouffe</u>, 157 B.R. 198, (Bankr. D. Conn. 1993), determined that a

mortgagee could claim protection from modification of its rights granted by section 1322(b)(2) only if it

qualified as the holder of fully or partially secured claim, as determined by section 506(a). According to

the court, "there is neither a logical nor rational basis for a creditor holding a completely unsecured

claim to be protected from claim modification in a bankruptcy case simply because the creditor had

obtained a lien on the homestead pre-petition." <u>Id</u>. at 200.

Here, unlike <u>Nobleman</u>, the lien to be stripped is not the First but the Second Trust Deed. The

Real Property to be retained in the Chapter 13 Plan is the Debtors' principal residence. The value of the

Real Property is only $370,000.00. However, the balance of the First Deed of Trust is approximately

$408,753.00. The secured interest of the Second Deed of Trust is nonexistent because there is

-6-

absolutely no equity to which the Second Deed of Trust can attach. Thus, HSBC 2nd TD cannot seek

protection from modification under 11 U.S.C. §1322(b)(2), and Debtors may modify the claim and avoid

HSBC 2nd TD lien.

Therefore, this Court should extinguish, reconvey, and treat as unsecured for purposes of the

instant Chapter 13 proceeding, the Second Deed of Trust held by HSBC MORTGAGE SERVICES INC.

C.  IN RE DEWSNUP SHOULD NOT PREVENT THE MODIFICATION OF HSBC 2ND TD

CLAIM BECAUSE IT IS DISTINGUISHABLE FROM THE INSTANT CASE.

HSBC 2nd TD claim should be extinguished and treated as unsecured in spite of Dewsnup v. Tim

(In re Dewsnup), 502 U.S. 410, 112 S. Ct. 773, 116 L.Ed.2d 903 (1992).

In re Dewsnup involved a Chapter 7 case.  In Dewsnup, the court prohibited Chapter 7 debtors

from using Section 506 to strip down liens on a secured claim.  Accordingly, there was no discussion

pertaining to the modification of the rights of secured claims in a Chapter 13 case.

Rather, the Chapter 13 cases cited above turn on the way courts interpret section 1322(b)(2), not

the treatment in a Chapter 7 case under Dewsnup.  The cited cases explain that under section 1322(b)(2),

a Chapter 13 plan may modify the rights of secured claims, other than a claim secured only by a security

interest in real property that is the debtors' principal residence.  Section 1322(b)(2) in light of section

506(a), does not preclude modification by a Chapter 13 Plan of the rights of holders of unsecured

claims; to wit, junior mortgages which are completely unsecured.

Justice Scalia, in his dissent in Dewsnup, points out the difference between lien stripping in a

Chapter 7 case and in a Chapter 13 case when he states that:

> Respondents assume, for example that a debtor in a Chapter 13 cannot strip down
> a mortgage placed on the debtor's home, but that assumption may beg the very
> question the Court answers today.  True, Section 1322(b)(2) provides that Chapter
> 13 filers may not "modify the rights of secured claims," that are "secured only by
> a security interest in real property that is the debtor's principal residence."  But
> this can be and has been read, in light of Section 506(a), to prohibit modification
> of the mortgagee's rights only with respect to the operation of his claim that is
> deemed secured under the Code.  See, e.g., In re Hart, 923 F.2d 1410, 1415 (CA
> 10 1991); Wilson v. Commonwealth Mortgage Corp., 895 F.2d 123, 127 (CA 3
> 1990).  Dewsnup, 502 U.S. 410, 428, 112 S. Ct., 773, 784.

In spite of <u>Dewsnup</u>, Judge Flenning in <u>Denver v. Internal Revenue Service</u>, 164 B.R. 132 (C.D. Cal. 1994), held that stripping an IRS lien on a principal residence is permissible in a Chapter 11 case. The Supreme Court specifically reserved the question as to the applicability of its ruling in <u>Dewsnup</u> to cases under the reorganization chapters. <u>Denver</u>, 164 B.R. 132, 133. In <u>Denver</u>, the court discussed the issue of lien stripping in Chapter 13 cases and cited the 10th Circuit case of <u>In re Hart</u> where the court reasoned:

> The dispositive issue in this case is whether Eastland's undersecured loan may be bifurcated into two claims by applying general principals of Section 506(a) to the mortgage and then protecting only the secured claim by provisions of Section 1322(b). We believe it can. 923 F.2d 1410, 1413 (10th Cir. 1991).

After citing <u>In re Hart</u>, in <u>Denver</u> the court went on to state that:

> If Section 506 does not permit debtors to bifurcate secured claims and strip down liens to their collateral value, then all secured creditors would be freed of any concern that debtors could reduce the amount of their liens while retaining property. If Congress did not intend to allow lien stripping in general in Chapter 13 cases, then why would it bother to draft the exclusionary language of Section 1322. As Justice Stevens' concurring opinion in <u>Nobleman</u> emphasized, legislative history of Section 1322(b)(2) reflects Congressional desire to provide special protections to residential lenders. <u>Denver</u> at 141.

Here, <u>In re Dewsnup</u>, should not prevent modification of HSBC 2nd TD claim because it is distinguishable from the instant case. Unlike <u>Dewsnup</u>, Debtors filed a Chapter 13 case. Accordingly, the language of the relevant Bankruptcy Code sections, and the decisions interpreting those sections, warrant a finding that HSBC 2nd TD's lien arising from the second deed of trust on Debtors' Real Property may be extinguished. Additionally, its claim may be deemed an unsecured claim in the instant proceeding.

///

///

///

///

///

///

///

## CONCLUSION

Based on the foregoing, Debtors respectfully request this Court to enter an order which:

1. Establishes the value of that certain real property commonly known as 1128 West Kirkwall Road, San Dimas, CA 91773, County of Los Angeles, Lot 17 of Tract No. 24569, as shown in Book 640, Pages 83 through 85, inclusive of Maps, in the Office of the Los Angeles County Registrar-Recorder (the "Real Property"), was $370,000.00 as of the date of filing.

2. Finds that LITTON's security interest is senior to HSBC's security interest and LITTON's secured claim exceeds the value of the Real Property.

3. Determines that HSBC MORTGAGE SERVICES INC.'s 2nd TD claim is wholly unsecured, because the underlined collateral has insufficient equity for a junior lien to attach.

4. Extinguishes HSBC MORTGAGE SERVICES INC.'s 2nd TD lien, and permit modification of HSBC 2nd TD claim under 11 U.S.C. §1322(b)(2), and allow HSBC 2nd TD to be provided for as an unsecured claim in the Debtors' Chapter 13 plan.

Respectfully Submitted,

Date: January 22nd, 2009

WINTERBOTHAM PARHAM TEEPLE, a PC

By _____
Michelle A. Marchisotto
Attorney for Debtors
JEFF WITT and MARGIE WITT

///
///
///
///
///

-9-